

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COBURN GROUP, LLC, | ) |
| Plaintiff, | ) ) ) |
| | ) No. 07 C 2448 |
| v. | ) ) |
| | ) Honorable Charles R. Norgle |
| WHITECAP ADVISORS LLC, | ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

CHARLES R. NORGLE, District Judge

Before the Court is Defendant Whitecap Advisors, LLC's ("Whitecap") Rule 12(b)(6) motion to dismiss Count II of Plaintiff Coburn Group, LLC's ("Coburn") Second Amended Complaint. Count II alleges that Whitecap breached the parties' oral agreement. Whitecap, in response, moved to dismiss Count II and offered two grounds in support. It first argues that Coburn did not allege an offer to support the existence of a valid contract. And, in the alternative, Whitecap asserts that the parties' alleged agreement violates the Illinois Statute of Frauds, and thus the parties did not enter an enforceable contract. For the following reasons, the motion is denied.

**I. BACKGROUND**

Coburn is in the business of introducing potential investors to its clients, who are usually hedge funds or other investment advisors. In return for a successful introduction, Coburn typically receives a percentage of the fees and allocations that the new investors pay to Coburn's clients. Crestview Partners ("Crestview"), a third-party entity, was one of Coburn's clients. As part of their working relationship, Coburn and Crestview maintained a services agreement

known as the Crestview Partners Services Agreement ("CPSA") through which Coburn introduced potential investors to Crestview, while Crestview, in return, paid Coburn a fee attributable to each investor.

In March 2004 Crestview allegedly suggested to Whitecap – a new hedge fund – that it meet with Coburn to discuss the prospect of Coburn and Whitecap entering a similar arrangement. Crestview went so far as to show Whitecap a copy of the CPSA and to explain that the CPSA would govern any relationship that arose between Coburn and Whitecap. As alleged, Whitecap was receptive to this arrangement.

Beginning in April 2004, after an initial meeting, Whitecap requested that Coburn begin sending potential investors its way. Coburn complied with this request, and as a result of its efforts, various parties invested with Whitecap. In December 2004, after Coburn succeeded in introducing Whitecap to its first investor, Coburn provided a copy of the CPSA to Whitecap with the understanding that it governed the parties' relationship. In February 2005, in exchange for Coburn's services, Whitecap sent its first payment to Coburn, which represented 15% of the fees that Whitecap earned on the investments made by Coburn's investors. This payment, as alleged, conformed to the terms of the CPSA. The parties' relationship continued over the next year and a half, during which time Coburn continued to introduce investors to Whitecap and Whitecap continued to make payments to Coburn that conformed to the CPSA.

## II. DISCUSSION

### A. STANDARD OF DECISION

When determining the sufficiency of a complaint, we take the allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. See, e.g., Sprint Spectrum L.P. v. City of Carmel, Ind., 361 F.3d 998, 1001 (7th Cir. 2004). When reviewing a

2

motion to dismiss under Rule 12(b)(6), the court merely looks at the sufficiency of the complaint, Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 508 (2002); Johnson v. Rivera, 272 F.3d 519, 520-21 (7th Cir. 2001), it does not decide whether the plaintiff has a winning claim. See McCormick v. City of Chi., 230 F.3d 319, 323-26 (7th Cir. 2000) (citing Leatherman v. Tarrant County, 507 U.S. 163 (1993)).

Rule 8(a) requires that a complaint contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). This short, plain statement, however, must be enough to give the defendant fair notice of what the claim is and the grounds upon which it rests. Killingsworth v. HSBC Bank Nev., N.A., 507 F.3d 614, 618 (7th Cir. 2007); see Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007). The complaint must also contain sufficient allegations based on more than speculation to state a claim to relief that is plausible on its face. E.E.O.C. v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007).

In the context of contract formation, courts in the Seventh Circuit have interpreted Rule 8 to require a plaintiff to plead only "the bare essentials of offer, acceptance, consideration, performance by the plaintiff and breach by the defendant causing the loss." Tibor Mach. Prods. v. Feudenberg-Nok Gen. P'ship, 967 F. Supp. 1006, 1013 (N.D. Ill. 1997). At the pleading stage, plaintiffs need only allege - rather than prove - the existence of a valid contract. Orix Credit Alliance, Inc. v. Taylor Mach. Works, Inc., 844 F. Supp. 1271, 1273-74 (N.D. Ill. 1994).

### B. FAILURE TO PLEAD AN "OFFER"

In support of Count II, Coburn alleges that it spoke with Whitecap about entering a services agreement and that Whitecap was aware that any agreement the parties reached, even if oral, would be governed by the CPSA. Moreover, Coburn alleges that Whitecap requested that

3

Coburn send investors to Whitecap, that Coburn did in fact send investors to Whitecap and that Whitecap paid Coburn pursuant to the CPSA. Coburn, in essence, alleges that the parties performed fully under the oral agreement. Drawing all inferences in light most favorable to Coburn, the Court finds that it sufficiently pleaded the bare essentials of a contract as required by Rule 8. See Tibor Mach.Prods., Inc., 967 F. Supp. at 1011 (noting that an offer "includes a reasonable belief in the recipient that he can, by accepting, bind the sender."); Martin v. Wal-Mart Stores, Inc., No. 07 C 3458, 2007 WL 3231414, at *3 (N.D. Ill. Oct. 26, 2007) ("Acceptance occurs when the offeree indicates acceptance of the terms of the offer . . . and consideration is a 'benefit to the promisor or a loss or detriment to the promise.") (citing Johnson v. Whitey Metal Tool Co., 96 N.E.2d 372, 376 (Ill. App. Ct. 1950); Bredemann v. Vaughan Mfg. Co., 188 N.E.2d 746, 751 (Ill. App. Ct. 1963)). This is not to say, however, that such a bare claim would hold up on a motion for summary judgment. But on a 12(b)(6) motion, Coburn's allegations are sufficient.

## C. STATUTE OF FRAUDS

Alternatively, Whitecap argues that Coburn's complaint should be dismissed because the parties' oral agreement fails to satisfy the Illinois Statute of Frauds, which precludes enforcement of a services contract that cannot be performed within one year. See 740 ILL. COMP. STAT. 80/1. In Whitecap's view, the CPSA contemplated a performance duration of three years, which is set forth in Section 9.2 of the CPSA – the terms of which subsume the parties' oral contract. But Coburn points out that this three-year period is not unyielding.

Indeed, Section 9.2 of the CPSA contains the additional caveat that "either party shall have the right to terminate th[e] agreement" at any time, without qualification. Through this provision, the parties' agreement is not continuous, as Whitecap would have us believe, since

4

allegedly it can be terminated at any time by either party for any reason. In fact, there are several contingencies that make it *possible*, even if only slightly, that the parties perform the contract within one year. This ultimately takes the oral agreement outside the statute of frauds. E.g., McIntosh v. Magna Sys. Inc., 539 F. Supp. 1185, 1190 (N.D. Ill. 1982) ("Under Illinois law, a contract is voidable only if it is impossible of performance within one year.").

Moreover, it is unavailing that Whitecap's obligation to pay Coburn for introducing investors survives the termination of the agreement. The agreement is not subject to the statute of frauds so long as the agreement *could have* been performed within one year. Lunn Partners Multiple Opportunities Portfolio, L.P. v. Brakulis, No. 03 C 3289, 2004 WL 2792835, at *2 (N.D. Ill. June 25, 2004) ("[A]t-will contracts are enforceable even if they are made orally and even if actual performance took more than one year so long as the contract could have been performed within one year."). Thus, in the event Coburn steers an investor to Whitecap, who thereafter receives a benefit from the investor, makes a payment under the agreement and subsequently terminates the parties' relationship within one year, the oral agreement is still enforceable even if Whitecap is required to pay Coburn commissions after the one-year deadline. See id. ("[C]omplete performance by one party renders oral contracts enforceable under the statute of frauds, particularly where the only performance obligation remaining for the other party is the payment of money."); see also McIntosh, 539 F. Supp. at 1190 ("Although the agreement here envisioned a three-year term, the Statute of Frauds cannot be invoked as a defense in this case because plaintiff has alleged full performance of his obligations under the agreement. It is axiomatic that complete performance on one side of an oral agreement bars application of the Illinois Statatute of Frauds."). Again, Coburn alleged that both parties fully performed under the oral agreement. The motion is therefore denied on these grounds.

## III. CONCLUSION

For these reasons, Whitecap's motion to dismiss Count II of Coburn's Second Amended Complaint is denied.

IT IS SO ORDERED.

ENTER:

CHARLES R. NORGLE, Judge
United States District Court

DATED: 1-22-09