UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Coburn Group, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 07 C 2448 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| Whitecap Advisors LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Coburn Group, LLC filed this action against Defendant Whitecap Advisors LLC, alleging that Whitecap wrongfully ceased paying commissions to Coburn. Trial is set for January 10, 2011. Whitecap has moved *in limine* to preclude Coburn from seeking "future damages," the parties' term for the net present value of commissions that would accrue after trial. Whitecap also has moved *in limine* to exclude the testimony of Coburn's damages expert, Katherine A. Puffer. The motion to preclude Coburn from seeking future damages is granted, while the motion to exclude Puffer's testimony is granted in part (as to testimony regarding future damages) and reserved in part (as to testimony regarding damages accruing prior to trial).

The parties' dispute is described in the Opinion and Order denying Coburn's summary judgment motion. *See* Doc. 199. To summarize, Coburn alleges that the parties entered into an agreement under which Coburn, a third-party marketer, would introduce potential investors to Whitecap, a hedge fund, in exchange for Whitecap paying Coburn a commission equal to fifteen percent of all fees Whitecap collects from Coburn-generated investors. According to Coburn, Whitecap agreed to pay commissions on a periodic basis, with each payment reflecting the fees

1

Whitecap received from Coburn-generated investors during the preceding period. Coburn alleges that Whitecap's commission obligation continues for so long as those investors maintain their investments with, and pay fees to, Whitecap.

Whitecap terminated the parties' relationship in September 2006, and since then has not paid Coburn any commissions. Coburn's Second Amended Complaint seeks a declaratory judgment as to the parties' rights, duties and obligations, and states claims for breach of contract, quantum meruit, and promissory estoppel. With respect to commissions accrued prior to trial, the prayer for relief seeks "past-due payments." Doc. 81 at 20. With respect to commissions that might accrue after trial, the prayer does not mention damages, but instead seeks an order requiring Whitecap to "make timely payments to Coburn Group into the future." *Id*. at 21. Since filing its Second Amended Complaint, however, Coburn has made clear that it plans to seek future damages—damages equal to the net present value of commissions accruing after trial. *See* Doc. 232, Exh. A (Puffer's expert report); *see also* Docs. 139, 202, 205.

Whitecap has moved *in limine* to bar Coburn from introducing evidence regarding, and thus from seeking, future damages. The mere fact that the Second Amended Complaint fails to mention future damages does not preclude Coburn from recovering them at trial. *See* Fed. R. Civ. P. 54(c) (court may grant "the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings"); *Avitia v. Metro. Club of Chicago, Inc.*, 49 F.3d 1219, 1226 (7th Cir. 1995). But Whitecap is correct to contend that the future damages sought by Coburn are precluded by Illinois law, which governs the alleged agreement. This is so for two separate and independent reasons.

The first reason is that Whitecap, at the time of trial, will not yet have breached its alleged obligation to pay commissions based on fees (if any) received by Whitecap after trial.

2

Illinois law holds that where a contract calls for payments to be made in installments, the non-breaching party may recover only the value of past-due installments, and not the present value of future payments, absent an acceleration clause requiring full payment upon an initial breach. *See Blackhawk Hotel Assocs. v. Kaufman*, 421 N.E.2d 166, 170 (Ill. 1981) ("[i]nstallment contracts … are breached one installment at a time"); *Miner v. Fashion Enters., Inc.*, 794 N.E.2d 902, 913-14 (Ill. App. 2003) (same); *Van Schouwen v. Connaught Corp.*, 782 F. Supp. 1240, 1246-47 (N.D. Ill. 1991) (Illinois law) (same, where defendant was required to make installment payments under stock purchase agreement); *see also Overseas Dev. Disc Corp. v. Sangamo Constr. Co.*, 840 F.2d 1319, 1332 (7th Cir. 1988) (applying same principle to quantum meruit claim). These precedents govern here, for the agreement alleged by Coburn requires Whitecap to make periodic payments into the future and does not have an acceleration clause.

Coburn views things differently, arguing that because it has performed its obligation (introducing investors to Whitecap) completely, Whitecap's breach "is not a partial breach of a divisible contract, but rather a total breach of the entire contract." Doc. 244 at 8. Coburn is incorrect. As the Supreme Court has held, "a party to a contract who has no longer any obligation of performance on his side, but is in the position of an annuitant or a creditor exacting payment from a debtor, may be compelled to wait for the instalments [sic] as they severally mature." *New York Life Ins. Co. v. Viglas*, 297 U.S. 672, 680 (1936) (citing cases). This principle was illustrated in *Van Schouwen*, where the court held that a seller of stock, which had fully discharged his duty to turn over the stock to the buyer, could recover from the buyer "only … the single installment payment which is overdue," and not "the remaining $120,000 to be paid in five consecutive annual installments" in the future. 782 F. Supp. at 1246.

3

The law does not leave Coburn without a means of collecting future commissions. If Coburn succeeds in proving its alleged agreement that Whitecap, the court will enter a declaratory judgment, and perhaps other relief, setting forth Whitecap's obligation to pay commissions accruing after trial. *See Viglas*, 297 U.S. at 681 ("The law will be able to offer appropriate relief where compensation is willfully and contumaciously withheld.") (internal quotations omitted); *Miner*, 794 N.E.2d at 913 (citing cases); *Myers v. Mundelein Coll.*, 771 N.E.2d 1113, 1116 (Ill. App. 2002) (recognizing "a plaintiff's right to recover damages 'from time to time' as they accrue, under a contract that has been held enforceable for its entire term") (internal quotations omitted). That is, in fact, the alternative relief sought by Coburn in its brief opposing Whitecap's motion *in limine*. *See* Doc. 244 at 10 ("if the Court holds … that claims for damages incurred after trial are not ripe, it should simultaneously hold that Coburn Group be allowed to recover future commissions on a periodic basis and otherwise not be barred from bringing a subsequent suit against Whitecap if Whitecap fails to make those payments"). Whitecap agrees that a declaratory judgment as to post-trial commissions would be appropriate if Coburn prevails on liability. *See* Doc. 255 at 4 ("if plaintiff prevails on its claim that it is entitled to future commissions, plaintiff can unquestionably be made whole by … a declaration of rights with respect to future commissions").

While the analysis could stop here, abject uncertainty concerning the post-trial commissions sought by Coburn provides a second reason for their preclusion. Illinois law permits only future damages that can be estimated with "reasonable certainty." *Havoco of Am., Ltd. v. Sumitomo Corp. of Am.*, 971 F.2d 1332, 1345 (7th Cir. 1992) (Illinois law); *see also Tri-G, Inc. v. Burke, Bosselman & Weaver*, 856 N.E.2d 389, 406-07 (Ill. 2006). At the same time, "recovery of lost profits cannot be based on conjecture or sheer speculation." *Id*. at 407; *see also*

*Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 339 (1971) ("it is hornbook law … that even if injury and a cause of action have accrued as of a certain date, future damages that might arise from the conduct sued on are unrecoverable if the fact of their accrual is speculative or their amount and nature unprovable").

Whitecap's ability to earn fees after trial from Coburn-generated investors, and thus Whitecap's alleged obligation to pay commissions to Coburn based on those fees, is contingent at a minimum on the investors keeping their money in Whitecap's funds. However, as Coburn strenuously and recently argued in seeking a prejudgment attachment and an expedited trial date, and as the Court recognized in expediting the trial date, Whitecap is in the process of winding down its funds. *See* Docs. 202, 205, 209, 220. Given what most likely will be the very short shelf-life not only of the Coburn-generated investments in Whitecap funds, but also of the funds themselves, the existence and certainly the amount of future commissions is far too speculative to permit their recovery under Illinois law. *See Plumleigh v. Dawson*, 6 Ill. 544, 1844 WL 4105, at *2 (1844) (barring recovery of future damages for diversion of river water due to construction of dam where "the future condition of the dam, and the length of time it will continue, are uncertain"); *Lewis v. Loyola Univ. of Chicago*, 500 N.E.2d 47, 51 (Ill. App. 1986) (future damages for plaintiff's salary held "too speculative and uncertain" where "the employee might become incapable of performing the duties before the expiration of the contract," where "plaintiff's base teaching salary was subject to annual decreases," where "there was no evidence that defendant uses faculty salary schedules, guaranteed pay increases, or Federal cost-of-living adjustments," and where "faculty salaries are negotiated annually depending on merits and budgetary considerations"); *compare Tri-G*, 856 N.E.2d at 407 (allowing damages for future profits where plaintiff had proven track record and where comparable performance was expected

to continue into the future). Again, this does not leave Coburn without a remedy. If Coburn prevails at trial, the Court will enter a declaratory judgment regarding post-trial commissions, and if Whitecap then fails to comply with its obligation to pay those commissions, damages could easily be calculated in a subsequent suit.

For these reasons, the Court grants Whitecap's motion *in limine* to bar Coburn from seeking future damages. Given this disposition, the Court grants Whitecap's separate motion *in limine* to bar Puffer from testifying about future damages. *See* Doc. 232 at 6-12. That motion also seeks to bar Puffer from testifying as to the commissions Coburn allegedly will have earned through the date of trial. *See id*. at 13. Because calculating past commissions is a relatively mechanical exercise, the Court expects that the parties will be able to stipulate to damages accruing through a date shortly before trial, perhaps December 31, 2010, based on concrete fee data provided by Whitecap. In the unlikely event the parties cannot agree on the arithmetic, Puffer may testify as to accrued damages based on that concrete data.

November 9, 2010

_____
United States District Judge

6